Return Date: March 1, 2005
Time: 10:00 a.m.

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
(212) 592-1400
Paul Rubin (PR - 2097)
Attorneys for Amsterdam 91st Street Associates, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RIVERAIR LLC, *et al.*, | Case No. 04-17586 (SMB) |
| Debtors. | Jointly Administered |

### NOTICE OF MOTION TO DISMISS CHAPTER 11 CASES OF RIVERAIR HOLDING LLC AND RIVERAIR II LLC

PLEASE TAKE NOTICE that upon the annexed motion (the "Motion") of Amsterdam 91st Street Associates, LLC, the undersigned will move before the Honorable Stuart M. Bernstein, Chief United States Bankruptcy Judge, on March 1, 2005 at 10:00 a.m. (the "Hearing Date") at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408, or as soon thereafter as counsel can be heard, for the entry of an order pursuant to Section 1112(b) of the title 11 of the United States Code, as amended and Rules 1017 and 9014 of the Federal Rules of Bankruptcy Procedure, dismissing the chapter 11 cases of RiverAir Holding LLC and RiverAir II LLC, together with such other and further relief as the Court may deem to be just and proper.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in the Motion must be filed with the Court, with a copy delivered to Chambers of the

Honorable Stuart M. Bernstein, Chief Judge, and served upon (i) the Office of the United States Trustee for the Southern District of New York, (ii) Herrick, Feinstein LLP, 2 Park Avenue, New York, New York 10016, and (iii) all parties that have filed a notice of appearance and request for service of papers in these chapter 11 cases, so that such objections are actually received no later than 5:00 p.m. 3 business days prior to the Hearing Date.

Dated: New York, New York
       February 9, 2005

                                   HERRICK, FEINSTEIN LLP

                                   By: _/s/ Paul Rubin_____
                                      Paul Rubin (PR-2097)

                                   2 Park Avenue
                                   New York, NY 10016
                                   (212) 592-1400

                                   Attorneys for Amsterdam 91st Street Associates, LLC

HFNY2: #814162 v.1 #11121-0001 02/09/2005

Return Date: March 1, 2005
Time: 10:00 a.m.

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
(212) 592-1400
Paul Rubin (PR - 2097)
Attorneys for Amsterdam 91st Street Associates, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| RIVERAIR LLC, *et al.*, | Case No. 04-17586 (SMB) |
| Debtors. | Jointly Administered |

**MOTION TO DISMISS CHAPTER 11 CASES OF RIVERAIR HOLDING
LLC AND RIVERAIR II LLC**

Amsterdam 91st Street Associates, LLC ("Amsterdam" or the "Mortgagee"), by its undersigned attorneys, hereby submits this motion for an order, pursuant to Section 1112(b) of the title 11 of the United States Code, as amended (the "Bankruptcy Code") and Rules 1017 and 9014 of the Federal Rules of Bankruptcy Procedure, dismissing the chapter 11 cases of RiverAir Holding LLC ("Holding") and RiverAir II LLC ("RiverAir II") for lack of any unsecured creditors or going concern to protect. In support thereof, Amsterdam respectfully represents as follows:

<u>Background</u>

1. Most of the relevant facts are set forth at pages 5-7 of Amsterdam's Objection to Rule 2004 Application dated January 3, 2005 (Exhibit A hereto), are incorporated herein by reference, and will not be repeated herein.[1]

---
[1] Capitalized terms not defined herein shall have the meanings ascribed to them in that Objection.

2. The defaulted Loan to RiverAir LLC ("RiverAir") held by Amsterdam is secured by, among other things: (i) a pledge of Holding's membership interest in RiverAir, pursuant to a Membership Interest Pledge Agreement dated as of October 7, 2003 executed by Holding in favor of JDI (See Exhibit B); and (ii) an assignment by RiverAir II of all of it right, title and interest in and to that certain negotiable certificate of eligibility dated July 16, 2002 issued by the City of New York, Department of Housing Preservation and Development, Office of Development. See Exhibit C.

3. On January 13, 2005, Holding filed with this Court its Schedules of Assets and Liabilities and Statement of Financial Affairs. See Exhibit D. Those schedules list 100% of the membership interests in RiverAir and RiverAir II as Holding's only assets. They list Amsterdam, in the (principal) amount of $4.8 million (which excludes accrued interest, fees and expenses and other charges), and Neustar/Samdor, as Holding's only secured creditors, and do not list any unsecured or other creditor of any kind.

4. RiverAir II also filed its Schedules of Assets and Liabilities and Statement of Financial Affairs with the Court on January 13, 2005. See Exhibit E. Those schedules list 80 421-a tax certificates as RiverAir II's only assets. They also list Amsterdam as RiverAir II's only secured creditor, again acknowledging on the principal amount of Amsterdam's claim, and do not list any unsecured or other creditor of any kind.

5. By Order dated February 3, 2005, the Court granted the motion of Neustar and Samdor to dismiss the Chapter 11 case of RiverAir. See Exhibit F. Regardless of whether the RiverAir Debtors' February 9, 2005 motion for reconsideration of that order is granted, Holding will be left with only one creditor, Amsterdam, which has a secured claim.

**Jurisdiction**

6. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for

the Southern District of New York dated July 10, 1984 (Ward, J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief sought herein is section 1112(b) of the Bankruptcy Code.

## Argument

### The Cases of Holding and RiverAir II Were Not Filed in Good Faith

7. There is an implicit requirement under the Bankruptcy Code that a debtor's petition for relief be filed in good faith. See In re HBA East, Inc., 87 B.R. 248, 258 (Bankr. E.D.N.Y. 1988). Accordingly, courts have held that a debtor's lack of good faith in filing its petition is sufficient "cause" to dismiss the debtor's bankruptcy case. See In re C-TC 9th Ave. Ptnrshp., 113 F.3d 1304, 1310-11 (2d Cir. 1997).

8. As recognized by several courts, for a bankruptcy filing to have been made in "good faith" for the purposes of Code Section 1112(b), the debtor must owe legitimate debts to real creditors constituting an unsecured creditor body. See In re Stern, 50 B.R. at 288; In re Dawson Radio Corp., Inc., 70 B.R. 588, 591 (Bankr. M.D.Fla. 1987)(citing In re Groundhog Mountain Corp., 1 B.C.D. 923 (Bankr. S.D.N.Y. 1975); In re Alison Corp., 9 B.R. 827 (Bankr. S.D.Cal. 1981).

9. Here, their own schedules of assets and liabilities show that Holding and RiverAir II do not have any unsecured creditors. Indeed, RiverAir II's schedules list Amsterdam as its only creditor and concedes Amsterdam's secured status. Likewise, Holding's schedules also list no unsecured creditors, and identify Amsterdam, and Neustar/Samdor as its only two secured creditors.

10. Since Holding and RiverAir do not have any unsecured creditors, and each has only one secured creditor, their chapter 11 cases should be dismissed under Section 1112(b) of the Bankruptcy Code.

11.     Moreover, fundamental to any bona fide business reorganization effort under chapter 11 of the Bankruptcy Code is that the entity seeking relief have assets, liabilities, creditors, employees and business operations. See In re Island Helicopters Inc., 211 B.R. 453, 466 (Bankr. E.D.N.Y. 1997). "[I]f there is not a potentially viable business in place worthy of protection and rehabilitation, the chapter 11 effort has lost its *raison d'etre* . . . ." In re C-TC 9th Ave. Ptnrshp., 113 F.3d 1304, at 1310 (2d Cir. 1997)(quoting In re Winshall Settlor's Trust, 758 F.2d 1136, 1137 (6th Cir. 1985)). Since Holding and RiverAir II have no unsecured creditors, no employees, only one or two secured creditors, and no going concern to preserve, their cases should be dismissed.

12.     Amsterdam respectfully requests that the Court waive the requirement of Local Bankruptcy Rule 9013-1(b) of filing a separate memorandum of law, as this Motion presents no novel issues.

## Conclusion

For the foregoing reasons, Amsterdam respectfully requests that the Court dismiss the chapter 11 cases of Holding and RiverAir II, and grant Amsterdam such other and further relief as is just and proper.

Dated: New York, New York
       February 9, 2005

                                        HERRICK, FEINSTEIN LLP

                                        By:\s\ Paul Rubin
                                             Paul Rubin (PR-2097)

                                        2 Park Avenue
                                        New York, NY 10016
                                        (212) 592-1400

                                        Attorneys for Amsterdam 91st Street Associates, LLC